IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SHAW, SR.,

        Petitioner,                    No. CIV S-05-1506 MCE GGH P

    vs.

ROSANNE CAMPBELL, et al.,

        Respondent,                 ORDER

_____/

        Petitioner has filed a motion for reconsideration of the undersigned's order denying an evidentiary hearing. Order of September 20, 2007. For the following reasons, the request for reconsideration is granted, but upon reconsideration the motion for evidentiary hearing remains denied.

*Standards for Reconsideration and Ruling*

        Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L. R. 78-230 (k); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (citing Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951, 113 S. Ct. 2443, 124 L. Ed. 2d 661 (1993)) (reconsideration appropriate for a change in the controlling law, facts, or other circumstances, a need to correct a clear error,

or a need to prevent manifest injustice).  "After thoughts" or "shifting of ground" are not appropriate bases for reconsideration.  Fay Corp. v. BAT Holdings I, Inc., 651 F. Supp. 307, 309 (W.D. Wash.1987), aff'd,  896 F.2d 1227 (9th Cir.1990).  The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal.1991).

Based upon these standards, and the presentation of a substantive declaration, one which perhaps counsel thought unnecessary based on the availability of intoxication evidence in the record, the court will grant the motion to reconsider insofar as the court will undertake another review of whether to hold an evidentiary hearing.

*Discussion*

In the order denying evidentiary hearing, the undersigned denied an evidentiary hearing based upon the lack of evidence presented herein (and in the state court) concerning the effects of methamphetamine and/or alcohol on the victim at the time of the crime (rape) for which petitioner had been convicted.  The court also noted the statement of petitioner to the police asserting that the victim had ingested a drug (most probable methamphetamine) *after* the alleged crime making the proffered inability of the victim to accurately perceive reality all the more speculative.  Importantly, the undersigned recounted the California Court of Appeal's reliance on the physical evidence (vaginal tearing) and strangle marks which corroborated the victim's account of events on the night in question.  Finally, the victim's pre-rape testimony was corroborated in the main by other percipient witnesses, thereby making it unlikely that the victim was perceiving events which did not take place, or, at least, grossly misconstruing them.

Petitioner persists in his argument that an expert could have testified that the victim was so intoxicated that she could not distinguish reality from fiction.  However, this time, petitioner presents the declaration of Dr. Stephen Pittel who concludes, based on the undisputed toxocological evidence, that: "the combination of both drugs would have severely impaired [the victim's] ability to perceive and/or recall the events to which she testified at trial." Pittel

Declaration at para. 4.[1]

There is no doubt that such an opinion, along with its basis, could be argued to affect the credibility of the victim. However, the issue here, from a prejudice standpoint, is whether the court's confidence in the outcome of petitioner's conviction is sufficiently undermined to require a new trial. Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). This is sometimes phrased as whether the outcome of the proceeding would probably be different. Id.

Petitioner urges that the court's ultimate conclusion in this matter be delayed until after hearing all the evidence. Petitioner relies upon those cases in the Ninth Circuit which seemingly, inflexibly hold that a hearing must be commenced if the allegations state a colorable claim, and petitioner did not have a hearing on the factual matters in state court. See e.g., Gonzalez v. Pliler, 341 F.3d 897, 903, (9th Cir. 2003). However, there exist exceptions to this rule within the Ninth Circuit, and the one is particularly applicable here: Where the district court concludes that "'[a full evidentiary] hearing would not offer any reasonable chance of altering [the court's] view of the facts,'" as presented by the record and any expansions thereto, a trial type hearing will not be necessary. Williams v. Woodford, 384 F.3d 567, 591 (9th Cir. 2004). Such is the case here.

The record facts, as explicated by the Court of Appeal, are what they are, and substantially detract from the above Pittel opinion. As seen from the perspective of corroborating witnesses, the victim did in fact remember, and accurately so, many of the facts which immediately preceded the attack. In any retrial, the jury would have to ponder the opinion of memory impairment with the facts that it was not actually impaired. In addition, the physical signs of attack, not consent, heavily weigh against the impact of the opinion and the accuracy of

---

[1] Respondent attacks the credentials of this expert on the grounds that he is not a medical doctor. However, Dr. Pittel is a psychologist specializing in substance abuse issues. The court finds that he would be qualified to render an opinion on the physiological effects of drug usage.

3

the victim's perceptions.  Further, if drugs were ingested after the event, even in part, as urged by petitioner at one time, the ability to assess the victim's being under the influence at the time of the alleged rape is greatly diminished.  And, as set forth in the initial order, petitioner's credibility would now be in tatters before any new jury.  He told the police that nothing untoward occurred that evening, i.e., there was simply consensual sex; now in this habeas action (and his declaration could be used against him at a new trial) he admits to roughing up the victim after the sex act, including efforts to strangle her, because of a money dispute.  Petitioner would be hard pressed not to testify in a new trial proceeding – after all, that is how his story would come out – but he would be substantially impeached.  In all truth, the undersigned, after re-examining the matter, cannot conclude that his determination of <u>Strickland</u> prejudice would be altered taking into account the medical opinion.[2]

       For the above reasons, even expanding the record to accept the opinion of Dr. Pittel for impeachment purposes, the courts's confidence in the outcome is not undermined.[3]

*Conclusion*

       Petitioner's motion for reconsideration is granted insofar as the court will again review the matter of evidentiary hearing, but upon reconsideration, the motion for evidentiary

---

[2] The court's statement at hearing to the effect that petitioner might be out of the "consent" frying pan and into the "rape of an intoxicated person" fire, plays no part in the determination here.  Petitioner was prosecuted on a forcible rape basis and the prosecutor would not have been able to change charges mid-trial.  Thus, petitioner could have been able to present intoxication opinion evidence at his trial with no down-side of being charged with rape of an intoxicated person.  However, whether petitioner could be charged on the basis of rape of an intoxicated person on an amended pleading should the matter go back for retrial is an entirely different question.  See Cal. Penal Code § 261(a)(3).  Indeed, the more intoxicated petitioner would make the victim here, the more problem he might have with amended charges on retrial.

[3] The court's conclusion here should not be read as an indication that the other claims in the petition will be denied.  This adjudicated claim pits the allegations of being too intoxicated to perceive events correctly, or at all, against the objective facts demonstrating adequate perception. The matter of credibility here is in reality a claim involving the competency of the witness aspect of credibility, i.e., it does not go to traditional aspects of credibility and whether a witness is purposefully embellishing or fabricating testimony.  Petitioner raises other colorable claims regarding the victim's credibility in the thus far unadjudicated portions of the petition which implicate traditional credibility.

hearing remains denied.

The court's order denying an evidentiary hearing will lead to a denial of the ineffective assistance of counsel claim. In the event petitioner desires to challenge this order, that challenge may be made within objections to the final Findings and Recommendations which will be issued shortly. No time limit to seek district judge reconsideration on this order will run until issuance of the Findings and Recommendations.

DATED: 12/20/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
shaw1506.rec