IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SHAW,

       Petitioner,                No. CIV S-05-1506 MCE GGH P

   vs.

ROSANNE CAMPBELL, et al.,

       Respondents.          ORDER

_____/

On March 18, 2008, the court ordered counsel to contact the clerk for an evidentiary hearing date. Because counsel did not obtain an evidentiary hearing date, the court now sets an evidentiary hearing for October 6, 2008, at 9:30 a.m.

      A. <u>Witnesses</u>

On or before twenty days prior to the hearing the parties shall provide witness lists, including addresses and telephone numbers, to opposing counsel.

Each party may call any witnesses designated by the other.

    1. No other witness will be permitted to testify unless:

        a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

b.  The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "2," below.

2.  Within the twenty day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

a.  The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

b.  The court and the opposing party were promptly notified upon discovery of the witnesses;

c.  If time permitted, the party proffered the witnesses for deposition; or

d.  If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

B.  <u>Exhibits, Schedules and Summaries</u>

Both parties shall exchange copies of their exhibits twenty days prior to the evidentiary hearing.  Any objections to exhibits may be raised at the hearing.

Petitioner will use numbers to mark exhibits; respondents will use letters.

1.  No other exhibits will be permitted to be introduced unless:

a.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

b.  The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2 " below.

2.  Within the ten day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so

2

that the court may consider their admissibility at the evidentiary hearing.  The exhibits will not be received unless the proffering party demonstrates:

      a.  The exhibits could not reasonably have been discovered earlier;

      b.  The court and the opposing party were promptly informed of their existence; or

      c.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing.  The "exhibit book" is for bench use during trial.

C.  <u>Miscellaneous</u>

Counsel shall make the appropriate writ ad testificandum filings if the presence of petitioner or any other incarcerated witness is desired.  Petitioner shall file these writs at least thirty days prior to the hearing.  The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

Accordingly, IT IS HEREBY ORDERED that an evidentiary hearing is scheduled for October 6, 2008, at 9:30 a.m. before the undersigned; the parties shall prepare for hearing in accordance with the terms set forth in this order.

DATED: 06/27/08

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

shaw.evi