IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID MARTIN SHAW,

    Petitioner,               No. CIV S-05-1506 MCE GGH P

    vs.

ROSEANNE CAMPBELL, et al.,

    Respondents.          ORDER

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is set for an evidentiary hearing before the undersigned on August 4, 2008. The issue to be addressed at this hearing is whether counsel was ineffective for failing to renew his effort to have the "drugs for sex" witnesses testify. See March 18, 2008, order and findings and recommendations.

        On June 24, 2008, petitioner filed an application for the production of petitioner at the evidentiary hearing. On July 8, 2008, respondent filed an opposition to this request.

        Petitioner first suggests that he has an absolute right to attend the evidentiary hearing. Petitioner is incorrect:

/////

1   The Supreme Court has made it clear, however, that a petitioner does not have an
2   automatic right to be present at a hearing in which he is collaterally attacking his
    criminal conviction.  See Machibroda v. United States, 368 U.S. 487, 495, 82
3   S.Ct. 510, 514, 7 L.Ed.2d 473 (1962); Sanders v. United States, 373 U.S. 1, 20, 83
    S.Ct. 1068, 079-80, 10 L.Ed.2d 148 (1963); see also Christy v. United States, 437
4   F.2d 54, 55 (9th Cir. 1971).  Wade argues that these statements are inapplicable
    because they were made in connection with collateral attacks on federal
5   convictions under 28 U.S.C. § 2255, which expressly permits hearings in the
    absence of the petitioner, while § 2254 does not.  We do not agree, however, that
6   the district court is required to order the production of a state prisoner under
    circumstances when it would not be required to order the production of a federal
7   prisoner.  On this question, the requirements of sections 2254 and 2255 are the
    same.  See Moorhead v. United States, 456 F.2d 992, 936 (3d Cir. 1972)(citing
8   United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed.2d 232 (1952)).
    The question then is whether the district abused its discretion in declining to order
9   Wade to be brought to the hearing.  See Barnes v. United States, 579 F.2d 364,
    365 (6th Cir. 1978).

Wade v. Calderon, 29 F.3d 1312, 1325-26 (9th Cir. 1994), overruled on other grounds, Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 815 (9th Cir. 2003).

Although petitioner admits that he will not testify at the evidentiary hearing, he contends that because the issue to be addressed at the hearing is ineffective assistance of counsel and because there will be witnesses concerning events that occurred prior to trial, petitioner's counsel may need to confer with petitioner during the hearing.

Although petitioner's presence at the hearing may be somewhat helpful, his presence is not sufficiently pertinent to warrant his transportation to Sacramento in light of the substantial cost.  Accordingly, petitioner's request for his attendance at the hearing is denied.

On June 26, 2008, petitioner filed a request for the court to issue a subpoena commanding witness Jason Thornburgh to attend a deposition in Renton, Washington.  On July 8, 2008, respondent filed an opposition to this request.  Respondent objects on grounds that a deposition of this witness is inappropriate because his credibility is at issue.

In the first, place, this court is not authorized to issue a subpoena for a witness in Renton, Washington.  See Fed. R. Civ. P. 45(b)(2).  Petitioner must obtain this subpoena from the District Court for the Western District of Washington.

/////

Because the credibility of this witness is at issue, if petitioner is able to obtain a subpoena from the Western District, he may conduct a video deposition or, in the alternative, arrange for a videoconference of testimony at the time of the August 4, 2008, evidentiary hearing. The court would prefer the latter if the witness is cooperative. On these grounds, respondent's objections are denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's June 24, 2008, application for an order to transport petitioner to the hearing is denied;

2. Petitioner's June 26, 2008, application to depose a witness is granted on the conditions set forth above.

DATED: 07/15/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

shaw.ord

3